IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

GABRIEL GONZALEZ                                                                        PETITIONER

v.                              NO. 2:22-cv-00243-LPR-PSH

JOHN P. YATES                                                                           RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

In this case, filed pursuant to 28 U.S.C. 2241, petitioner Gabriel Gonzalez ("Gonzalez") maintains that his right to participate in First Step Act ("FSA") programming has been impaired as a result of his wrongful termination from a prison job assignment. It is recommended that this case be dismissed without prejudice because he failed to exhaust his administrative remedies before filing this case.

The record reflects that Gonzalez entered the custody of the Federal Bureau of Prisons ("BOP") following his 2006 conviction and came to be housed at a BOP facility in Forrest City, Arkansas. There, he received a job assignment in the prison's education department, working as a "law clerk" and as an "A.C.E. class instructor and tutor." See Docket Entry 1 at CM/ECF 2. At some point in 2022, he was terminated from the assignment.

Gonzales began this case by filing a petition pursuant to 28 U.S.C. 2241. In the petition, he did not "assert a right to his job." See Docket Entry 1 at CM/ECF 7. He instead maintained that his right to participate in FSA programming was adversely affected as a result of his termination from his prison job assignment. He asked that his FSA credits be restored and he be restored to his "previously held condition and reputation." See Id.

Respondent John P. Yates ("Yates") filed a response to the petition and asked that the petition be dismissed. He asked that it be dismissed, in part, because Gonzalez failed to exhaust his administrative remedies. In support of the assertion, Yates alleged the following:

> Gonzalez alleges he and other prisoners were dismissed from their prison jobs sometime after July 28, 2022, and wrongly removed from participation in FSA programming. ... Gonzalez has filed six administrative remedy requests since that date, and none of them pertain to participation in FSA programming. Ex. 1, Administrative Remedy Generalized Retrieval. Accordingly, he has not exhausted administrative remedy requests concerning any FSA eligibility. ...

See Docket Entry 5 at CM/ECF 2. Yates supported his assertion by submitting an Administrative Remedy Generalized Retrieval, see Docket Entry 5-1 (Exhibit 1), which outlined the administrative remedy requests filed by Gonzalez following his termination from his prison job assignment.

Gonzalez filed a reply on March 3, 2023, in which he appeared to concede that prior to filing this case, he did not file an administrative remedy request pertaining to his participation in FSA programming. He nevertheless maintained that he filed several administrative remedy requests challenging his termination from his prison job assignment and was, in essence, also seeking the FSA benefits associated with the

3

assignment as it is a "FSA program that affects the duration of his confinement." See Docket Entry 7 at CM/ECF 1. Gonzalez acknowledged, though, that the Administrative Remedy Generalized Retrieval might indicate "the grievance process is incomplete." See Id. He alternatively maintained that requiring him to exhaust his administrative remedies at this juncture would be futile because this case involves only legal issues.

The undersigned began reviewing the record in this case, giving particular attention to whether any of the administrative remedy requests Gonzalez filed following his termination from his prison job assignment pertained to his participation in FSA programming.[1] It quickly became apparent that the Administrative Remedy Generalized Retrieval was of some significance, but it was sadly not a model of clarity. The undersigned therefore asked Yates to submit an affidavit in which a BOP official explained the many entries in the Administrative Remedy Generalized Retrieval, specifically identifying the administrative remedy requests Gonzalez filed following his termination from his assignment and the issue raised in each of the requests.

---

[1] Before considering Gonzalez's claims on the merits, the undersigned must first address the exhaustion issue. See Terry v. Dycus, No. 2:19-cv-00134-DPM-JTR, 2020 WL 8182183 (E.D. Ark. Dec. 11, 2020), report and recommendation adopted, No. 2:19-cv-00134-DPM, 2021 WL 149268 (E.D. Ark. Jan. 15, 2021).

Yates has now filed an affidavit from Joshua Sutton ("Sutton"), a BOP official. In the affidavit, Sutton represented that he is familiar with Gonzalez, and Gonzalez' expected release date via the FSA is September 17, 2030. Sutton additionally represented the following:

> 14. Starting in October 2022, Gonzalez has submitted several administrative remedy filings related to his termination from his prison work assignment role with the Education Department. Since October 1, 2022, he has submitted 8 filings. ...
>
> 15. His first filing regarding this issue, assigned remedy ID number 1136367-F1, was received by the Institution on October 6, 2022. ...
>
> 16. Administrative Remedy 1136367-F1 was submitted to the Warden at FCC Forrest City on October 6, 2022. The Warden denied the Administrative Remedy on October 13, 2022. ...
>
> 17. Administrative Remedy 1136367-F1 mentions "FSA program/jobs" but does not contain any claims that he was not receiving FSA time credits or any other aspect of FSA apart from his allegation of having been fired from his job without due process. ...
>
> 18. Inmate Gonzalez appealed the Warden's Denial of [Administrative] Remedy 1136367-F1 to the South Central Regional Office on October 28, 2022. The Region denied Appeal 1136367-R1 on December 8, 2022. ...
>
> 19. Inmate Gonzalez filed the present suit on December 12, 2022.

20. Inmate Gonzalez appealed the Region's denial to the Office of General Counsel on January 31, 2023. The OGC denied the appeal on March 29, 2023. ...

21. While inmate Gonzalez claims in his appeal to the OGC that the Warden at FCC Forrest City failed to address an FSA programming question in his initial Administrative Remedy Request, there does not appear to be an FSA programming question in his initial Administrative Remedy Request apart from his allegation of having been fired [without] due process. ...

22. On October 12, 2022, Gonzalez filed another BP-9 challenging FCC Forrest City's work assignment selection decisions made to replace the Education Department orderlies who were fired in July 2022. This Administrative Remedy Request, assigned remedy ID number 1139159-F1, was denied on November 2, 2022, as duplicative of IR No. 1136367-F1. ...

23. Administrative Remedy 1139159-F1 did not discuss FSA time credits or programming. ...

24. Inmate Gonzalez attempted to file an appeal with the Region on November 28 but it was rejected as untimely. Gonzalez had 20 days to file his appeal and missed that deadline. ...

25. Inmate Gonzalez attempted to file an appeal with OGC on February 23, 2023 but was again directed to explain his untimely filing at the Regional level. ...

26. On March 10, Gonzalez filed another BP-9 challenging his firing from the Education Department prison work assignment based on its alleged impact on his First Step Act Earned Time Credits. This Administrative Remedy Request, assigned remedy ID number 1153910-F1, remains pending at the institutional level. ...

>27. Inmate Gonzales continues to earn FSA time credits at 15 days per every 30 days of productive activity. He did not have any time credits disallowed as a result of the removal from the Education Orderly job on September 11, 2022. ...
>
>28. Inmate Gonzalez received a new job and has served as a Helena 3 Orderly since November 12, 2022. ...

See Docket Entry 10-1 (Exhibit A) at CM/ECF 4-6.

The prior submission of disputes to an administrative agency is "common to our law." See Mason v. Ciccone, 531 F.2d 867, 870 (8th Cir. 1976). The practice promotes and permits the following:

>(1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level.

See Id. The proper exhaustion of remedies means using all of the steps the administrative agency "'holds out and doing so properly (so that the agency addresses the issues on the merits),'" see Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in Pozo), and the procedure must be given "an opportunity to succeed," see Mason v. Ciccone, 531 F.2d at 870.

The BOP has a four-step administrative process for attempting to resolve an inmate's grievance.[2] The inmate challenging the application of, or his entitlement to, FSA credits must first use that process, and must use the process fully and completely, before moving on to federal court and filing a petition pursuant to 28 U.S.C. 2241. See Orasco v. Yates, No. 2:22-cv-00156-BSM-ERE, 2002 WL 18027627 (E.D. Ark. Dec. 12, 2022), report and recommendation adopted, No. 2:22-cv-00156-BSM, 2022 WL 18027631 (E.D. Ark. Dec. 30, 2022); Adams v. Hendrix, No. 2:19-cv-00038-KGB-BD, 2019 WL 7631401 (E.D. Ark. May 20, 2019), report and recommendation adopted, No. 2:19-cv-00038-KGB, 2020 WL 365417 (E.D. Ark. Jan. 22, 2020); Chapman v. United States Justice Department, No. 2:19-cv-00036-JM-JTR, 2019 WL 2030550 (E.D. Ark. April 19, 2019), report and recommendation adopted, No. 2:19-cv-00036-JM, 2019 WL 2030114 (E.D. Ark. May 8, 2019).

---

[2] The BOP's four-step administrative process is as follows:

(1) an attempt at informal resolution with prison staff; (2) submission of a formal grievance to the Warden, on form BP-9, delivered to the institution staff member designated to it; (3) an appeal of an unfavorable Warden's decision to the appropriate Regional Director, on form BP-10; and (4) an appeal of an unfavorable Regional Director's decision to the General Counsel, on form BP-11. See 28 C.F.R. 542.13–542.18.

See Orasco v. Yates, No. 2:22-cv-00156-BSM-ERE, 2002 WL 18027627, 3 (E.D. Ark. Dec. 12, 2022), report and recommendation adopted, No. 2:22-cv-00156-BSM, 2022 WL 18027631 (E.D. Ark. Dec. 30, 2022).

The Administrative Remedy Generalized Retrieval and Sutton's affidavit establish that Gonzalez filed multiple administrative remedy requests following his termination from his prison job assignment. The administrative remedy requests Gonzalez filed pertained solely to his termination, which is not at issue in this case as he does not "assert a right to his job." See Docket Entry 1 at CM/ECF 7. The administrative remedy requests made little or no mention of his termination having adversely affected his right to participate in FSA programming.[3] It was not until March 10, 2023, or one week after he filed his reply in this case, that he first filed an administrative remedy request in which he specifically noted the impact his termination had on his right to participate in FSA programming. The March 10, 2023, administrative remedy request, number 1153910-F1, is pending at the institutional level, a fact he appears to concede.

Given the foregoing, it cannot be said that Gonzalez fully and completely used the BOP's four-step administrative process before filing the case at bar. The only question is whether his failure to do so should be excused at this juncture.

---

[3] It may be true that administrative remedy request number 136367-F1, filed on October 6, 2022, mentioned the FSA. The undersigned credits Sutton's representation, though, that the request made no mention of Gonzalez not receiving FSA credit or any other aspect of the FSA, "apart from his allegation of having been fired from his job without due process." See Docket Entry 10-1 (Exhibit A) at CM/ECF 4.

The exhaustion requirement may be excused if the petitioner can show that requiring him to exhaust his administrative remedies would be futile. See Lueth v. Beach, 498 F.3d 795 (8th Cir. 2007).[4] For instance, in Tensley v. Outlaw, No. 2:10-cv-00014-BD, 2010 WL 2671782 (E.D. Ark. July 2, 2010), United States Magistrate Judge Beth Deere excused a petitioner's failure to exhaust because he was near the conclusion of his sentence and lacked sufficient time to exhaust his remedies.

Here, Gonzalez maintains that requiring him to exhaust his administrative remedies at this juncture would be futile. He so maintains because this case involves only legal issues, specifically, the interpretation of the FSA.

The undersigned assumes, without deciding, that the exhaustion requirement may be excused if a case involves only legal issues. The case at bar, though, involves more than legal issues, and a just resolution of the issue in this case undoubtedly requires the development of the necessary factual background upon which Gonzalez's claim is based and the exercise of the BOP's administrative expertise.

---

[4] In Lueth v. Beach, the Court of Appeals observed that jurisdiction to decide a petitioner's challenge to his sentence was not affected by his failure to exhaust because the exhaustion requirement was "judicially created, not jurisdictional. See Id., 498 F.3d at 797, n.3.

Moreover, Gonzalez has filed an administrative remedy request in which he specifically noted the impact his termination from his prison job assignment had on his right to participate in FSA programming. The March 10, 2023, administrative remedy request, number 1153910-F1, is pending at the institutional level. Recognizing the autonomy of the prison administration, as well as the need for judicial efficiency in settling disputes at the prison level, the undersigned has no desire to short-circuit the administrative process.

Gonzalez has failed to show that requiring him to exhaust his administrative remedies at this juncture would be futile. He is not approaching the conclusion of his sentence and has adequate time to exhaust his remedies.

It is for the foregoing reasons that this case should be dismissed. It is therefore recommended that this case be dismissed without prejudice, all requested relief be denied, and judgment be entered for Yates.

DATED this 12th day of April, 2023.

_____
UNITED STATES MAGISTRATE JUDGE